UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DANIEL PAGE,

                Petitioner,

    v.

NEVADA ATTORNEY GENERAL, *et al.*,

                Respondents.

Case No. 3:16-cv-00600-MMD-WGC

ORDER

In this habeas corpus action, brought pursuant to 28 U.S.C. § 2254 by Daniel Page, a Nevada prisoner, the Court appointed counsel for Page. (*See* Order entered November 30, 2016 (ECF No. 5).) Counsel — the Federal Public Defender for the District of Nevada — appeared for Page on December 14, 2016. (ECF No. 9.) The respondents have also appeared. (ECF No. 8.)

Therefore, the Court will set a schedule for further proceedings in this action, as follows.

**Amended Petition**. If necessary, petitioner will file and serve an amended petition for writ of habeas corpus within ninety (90) days after entry of this order. The amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition must state how, when, and where that occurred. If petitioner determines that an amended petition need not be filed, then, within ninety (90) days after entry of this order, petitioner must file and serve a notice to that effect.

1 **Response to Petition**. Respondents will have sixty (60) days following service of the amended petition to file and serve an answer or other response to the amended petition. If petitioner does not file an amended petition, respondents will have sixty (60) days following the due date for the amended petition to file and serve an answer or other response to petitioner's petition.

**Reply**. Petitioner will have forty-five (45) days following service of an answer to file and serve a reply. Respondents will thereafter have thirty (30) days following service of a reply to file and serve a response to the reply.

**Briefing of Motion to Dismiss**. If respondents file a motion to dismiss, petitioner will have sixty (60) days following service of the motion to file and serve a response to the motion. Respondents will thereafter have thirty (30) days following service of the response to file and serve a reply.

**Discovery**. If petitioner wishes to move for leave to conduct discovery, petitioner must file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents will file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner will have twenty (20) days to file and serve a reply in support of the motion for leave to conduct discovery.

**Evidentiary Hearing**. If petitioner wishes to request an evidentiary hearing, petitioner must file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e). The motion

2

must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents must file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner will have twenty (20) days to file and serve a reply in support of the motion for an evidentiary hearing.

It is so ordered.

DATED THIS 15th day of December 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE