UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DANIEL PAGE,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:16-cv-00600-MMD-WGC

ORDER

**I.   INTRODUCTION**

This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Daniel Page, a Nevada prisoner. Before the Court is Respondents' motion to dismiss. The Court will grant the motion to dismiss in part and deny it in part. The Court will dismiss one claim in Ground 1 of Page's amended habeas petition and will set a schedule for Respondents to file an answer responding to Page's remaining claims.

**II.   BACKGROUND**

Page was convicted on October 21, 2011, upon guilty pleas in Nevada's Eighth Judicial District Court in Clark County of sexual assault and use of a minor in producing pornography, and he was sentenced to two consecutive terms of life in prison with the possibility of parole after ten years on each. (*See* Judgment of Conviction, Exh. 22 (ECF No. 17-22).)

///

1    Page appealed, and the Nevada Supreme Court affirmed his conviction on
2    September 13, 2012. (*See* Order of Affirmance, Exh. 32 (ECF No. 18-1).)

3    On January 16, 2013, Page filed a *pro se* habeas petition in state court. (*See*
4    Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 34 (ECF No. 18-3).) The state
5    district court appointed counsel, and, with counsel, Page filed an amended petition. (*See*
6    Amended Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 38 (ECF No. 18-7
7    at 2-15).) The court held an evidentiary hearing and on November 24, 2014, denied
8    Page's petition. (*See* Transcript of Evidentiary Hearing, Exh. 41 (ECF No. 18-11);
9    Findings of Fact, Conclusions of Law and Order, Exh. 48 (ECF No. 48).) Page appealed,
10   and the Nevada Court of Appeals affirmed the denial of his petition on November 19,
11   2015. (*See* Order of Affirmance, Exh. 54 (ECF No. 19-6).) The appellate court issued its
12   remittitur on December 15, 2015. (*See* Remittitur, Exh. 55 (ECF No. 19-7).)

13   On October 17, 2016, this Court received Page's *pro se* habeas petition (ECF No.
14   6) for filing, which initiated this action. On November 30, 2016, the Court screened Page's
15   petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United
16   States District Courts, ordered the petition served on Respondents, granted Page's
17   motion for appointment of counsel, and appointed counsel to represent him. (*See* Order
18   entered November 30, 2016 (ECF No. 5).) Counsel appeared for Page on December 14,
19   2016, and Page filed an amended petition on August 2, 2017, with the aid of counsel.
20   (*See* Notice of Appearance of Counsel (ECF No. 9); First Amended Petition (ECF No.
21   16).)

22   Page's amended petition asserts two grounds for relief. In Ground 1, Page claims
23   his federal constitutional rights were violated because "[t]he trial court erred by denying
24   [his] pre-sentence motion to withdraw his guilty plea as said plea was not knowingly, freely
25   and voluntarily given." (First Amended Petition (ECF No. 16 at 8).) In Ground 2, Page
26   claims that he "received ineffective assistance of counsel where counsel failed to
27   adequately investigate [his] medical condition prior to entering his plea." (*Id.* at 11.)
28   ///

On September 28, 2017, Respondents filed their motion to dismiss (ECF No. 25), in which they contend that both claims in Page's amended petition are barred by the statute of limitations. Page filed an opposition (ECF No. 26) on November 21, 2017, and Respondents filed a reply (ECF No. 27) on December 20, 2017.

**III. DISCUSSION**

**A. Statute of Limitations—Legal Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences. The statue provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2).

A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

///

3

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

### B. Expiration of the Limitations Period

Page's conviction became final for purposes of the AEDPA's statute of limitations on December 12, 2012—ninety days after the Nevada Supreme Court affirmed his conviction on direct appeal. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.").

Page initiated his state habeas action on January 16, 2013, tolling the AEDPA limitations period under 28 U.S.C. § 2244(d)(2). Between December 12, 2012, and January 16, 2013, 36 days of the one-year limitations period expired.

The statute of limitations was then tolled until December 15, 2015, upon completion of the state action. Page signed his original federal habeas petition – and, for purposes of this analysis, the Court assumes he deposited it for mailing at the prison where he was incarcerated – 292 days later on October 1, 2016.

Therefore, Page's original petition in this case was timely filed—328 days ran against the one-year limitations period before Page signed his original petition and sent it for filing. Thus, the limitations period expired on November 7, 2016.

Page's amended petition was not filed until August 2, 2017, about nine months after the limitations period expired. Page makes no argument that his amended petition was filed within the AEDPA limitations period.

### C. Relation Back of Claims in Amended Petition

Therefore, the Court must answer the remaining question of whether the claims in Page's untimely amended petition (ECF No. 16) relate back to Page's timely original petition (ECF No. 6).

In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of

4

operative facts, relation back will be in order," but "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 664.

In Ground 1, Page claims that his federal constitutional rights were violated because "[t]he trial court erred by denying [his] pre-sentence motion to withdraw his guilty plea as said plea was not knowingly, freely and voluntarily given." (First Amended Petition (ECF No. 16 at 8.) More specifically, Page alleges that five days after he pled guilty his counsel learned from the prosecutor that the victim and her father "continued to receive unwanted emails from an account that was believed to belong to Page," as well as "social media postings," some of which contained "links to suspected illegal pornographic sites," and it was impossible for Page to have sent those because of his incarceration. (*See id.* at 8-9, 11.) Page characterizes this as exculpatory information. (*See id.* at 9, 11.) Also, Page alleges that he did not fully understand the nature and consequences of his guilty plea because of "his acute nervous condition for which he had been receiving treatment, which treatment included "a daily regimen of powerful tranquilizing drugs." (*See id.* at 9.) In Ground 2, Page claims that he "received ineffective assistance of counsel where counsel failed to adequately investigate [his] medical condition prior to entering his plea." (*Id.* at 11.)

The Court determines that part of Ground 1—the claim that his plea was not knowing and voluntary because he learned only after his plea that the victim and her father received messages, apparently from another person, after Page was incarcerated—does not relate back to his original petition. The core facts upon which this claim is based are not included in the original petition. (*See* Petition for Writ of Habeas Corpus (ECF No. 6).) That claim is barred by the statute of limitations, and it will be dismissed.

The remainder of Ground 1 and Ground 2 in its entirety relate back to Page's original petition and are not barred by the statute of limitations. Page alleged in his original

5

petition that he entered his guilty plea while he "was heavily medicated." (Petition for Writ of Habeas Corpus (ECF No. 6 at 5).) In his original petition, Page also alleged that, regarding the hearing where he entered his plea, "The Petitioner was more than lost in his hearing and next to nothing was explained to him." (*Id.*) Additionally, Page alleges that his counsel failed "to perform a proper discovery." (*Id.* at 7.)

## IV. CONCLUSION

It is therefore ordered that pursuant to Federal Rule of Civil Procedure 25(d) the Clerk of the Court will substitute Renee Baker, Warden, Lovelock Correctional Center, for Northern Nevada Correction Center, as the Respondent in this case.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 25) is granted in part and denied in part. The claim in Ground 1 of Petitioner's amended habeas petition that the Court identified previously is dismissed as barred by the statute of limitations. In all other respects, the motion to dismiss is denied.

It is further ordered that within sixty (60) days from the date of this order Respondents are to file an answer responding to the remaining claims in Petitioner's amended habeas petition.

DATED THIS 12th day of July 2018.

MIRANDA M. DU,
UNITED STATES DISTRICT JUDGE